**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bruce Anthony JOHNSON, Defendant–Appellant.**

**No. 93–5771.**

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1994.

Decided Aug. 5, 1994.

**ARGUED:** John Samuel Bowler, Office of the U.S. Atty., Raleigh, NC, for appellant. George Alan DuBois, Jr., Asst. Federal Public Defender, Raleigh, NC, for appellee. **ON BRIEF:** James R. Dedrick, U.S. Atty., David P. Folmar, Jr., Asst. U.S. Atty., Raleigh, NC, for appellant.

Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and BRINKEMA, United States District Judge for the Eastern District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Judge BRINKEMA wrote the opinion, in which Chief Judge ERVIN and Judge WIDENER joined.

## OPINION

BRINKEMA, District Judge:

This appeal raises the purely legal question of whether the Double Jeopardy Clause of the Fifth Amendment bars simultaneous prosecution under both 18 U.S.C. § 924(c)(1) (use of a firearm during a crime of violence statute) and 18 U.S.C. § 2119 (the recently enacted federal armed carjacking statute). Although we find that the elements of § 924(c)(1) fully overlap the elements of § 2119, we nevertheless conclude that Congress intended for defendants to be subjected to multiple punishments under the two statutes and that the district court erred when it dismissed the firearms statute on double jeopardy grounds. Therefore, we REVERSE the dismissal of the firearms count and REMAND this case to the district

court with instructions to reinstate that charge.

## I.

On March 30, 1993, defendant Bruce Anthony Johnson approached Alicia Bain as she was getting out of her car at the Cumberland County Courthouse in Fayetteville, North Carolina. Bain was reporting for jury duty. Johnson pointed a Smith & Wesson .38 caliber revolver at Bain and said, "Give me the car, give me your keys, give me your money or I'm going to smoke you." Bain complied.

The next day a police officer in Hyattsville, Maryland, stopped Johnson while he was driving Bain's 1992 Hyundai. A search of the car resulted in the seizure of a Smith & Wesson .38 caliber revolver. Johnson was arrested and later transferred back to the Eastern District of North Carolina where a federal grand jury returned a four-count indictment charging Johnson with armed carjacking in violation of 18 U.S.C. § 2119 (Count I), use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count II), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count III), and interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 (Count IV). Johnson moved to dismiss Count II on the basis that it violated his right to be free from double jeopardy. Specifically, he argued that Counts I and II exposed him to being sentenced twice for the same criminal conduct. The district court agreed with Johnson and dismissed Count II. Thereafter, Johnson entered guilty pleas to the three remaining counts and is awaiting sentencing. The United States timely appealed the dismissal of Count II.

## II.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." Among the protections guaranteed by this clause is protection against multiple punishments for the same offense. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The rationale for the bar against multiple punishments is "to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984) (dictum). Although the bar on double jeopardy restrains the executive and judicial branches, it leaves the legislature basically untouched. *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). Thus, where the legislature has specifically authorized cumulative punishments for the same conduct, there is not double jeopardy. *Missouri v. Hunter*, 459 U.S. 359, 365–66, 103 S.Ct. 673, 677–78, 74 L.Ed.2d 535 (1983).

To determine whether the legislature has authorized cumulative punishments, the most unambiguous evidence is the language of the statutes. When the legislature enacts two statutes that apply to the same course of conduct, the critical issue for double jeopardy analysis is whether each statute requires proof of an element not included in the other statute. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "The assumption underlying the rule is that Congress ordinarily does not intend to punish the same offense under two different statutes." *Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715 (1980). If two criminal statutes contain the exact same elements, they are said to have failed the *Blockburger* test and, absent other clear evidence of legislative intent, prosecution and sentencing under both statutes is prohibited as double jeopardy.

Our analysis, therefore, necessarily begins with the statutes themselves. Originally enacted as part of the Gun Control Act of 1968, Pub.L. 90–618, 82 Stat. 1213, and revised to its present form in 1984 as part of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473 § 1005(a), 98 Stat. 2138–2139, the firearms statute, 18 U.S.C. § 924(c)(1), provides in pertinent part that:

Whoever, during and in relation to any crime of violence ... (including a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon ...)

for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1) (West Supp.1993). The five-year penalty must run consecutively to any sentence imposed on the crime of violence and is without parole. *Id.*

Section 924(c)(3) defines the term "crime of violence" to mean a felony which

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (West 1993 Supp.).

The Anti–Car Theft Act of 1992, makes "carjacking" a federal crime and provides:

Whoever, possessing a firearm ... takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

The two elements of a § 924(c)(1) violation are: (1) that a defendant use or carry a firearm (2) during his or her commission of a federal crime of violence. Under the definitional requirements of § 924(c)(3), the carjacking statute is a crime of violence. The four elements of the federal carjacking offense are: (1) possession of a firearm; (2) taking or attempting to take a motor vehicle that has been transported, shipped, or re-ceived in interstate or foreign commerce; (3) from the person or presence of another; (4) by force and violence or by intimidation.

The United States argues that the elements of these two statutes are not the same because the "use or carry a firearm" element in § 924(c)(1) differs from the "possession of a firearm" element in § 2119. We find, however, that the elements are the same because it would be logically impossible to "use or carry" a firearm and not, at the same time, possess it. Therefore, once the government satisfies the four elements necessary to establish a violation of § 2119, it necessarily proves all the elements of § 924(c)(1), that is, in every federal carjacking prosecution, the government will necessarily have to prove that the defendant used or carried a firearm during the commission of a crime of violence. Because the same conduct constitutes a violation of both statutes, the statutes fail the *Blockburger* test.

■ However, the *Blockburger* test "should not be controlling where there is a clear indication of contrary legislative intent." *Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981). Concurring with our colleagues in the Fifth and Sixth Circuits, which have issued opinions on the exact same issue, we hold that, notwithstanding the overlap of statutory elements, Congress intended § 924(c)(1) to apply to all crimes of violence, including carjacking. *See United States v. Singleton,* 16 F.3d 1419 (5th Cir.1994); * *United States v. Johnson,* 22 F.3d 106 (6th Cir.1994).

We agree with Judge Wisdom's thoughtful and comprehensive opinion in *Singleton* and adopt his reasoning. Thus, we conclude from the explicit language of § 924(c)(1) Congress's intent was to add five additional years of mandatory, consecutive imprisonment without parole to any crime of violence in which a firearm was used or carried. The statute applies to "*any* crime of violence" not to specific crimes. (Emphasis added). Moreover, the parenthetical phrase "includ-

---

* The court below relied heavily on the district court's opinion in *United States v. Singleton,* 824 F.Supp. 609 (E.D. La.1993). The Fifth Circuit reversed that opinion one day after this Court heard oral argument in the *Johnson* case.

ing a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon" is clear evidence of the statute's applicability even where it appears to add cumulative punishment. Lastly, the penalty provision of § 924(c)(1) states that the term of incarceration shall be "in addition to the punishment provided for such crime of violence." This penalty provision further supports our view that Congress was well aware of the cumulative sentencing effect of § 924(c)(1).

Johnson argues that because neither § 924(c)(1) nor § 2119 explicitly incorporates or mentions the other, Congress cannot have intended for defendants to be punished simultaneously under both statutes. We agree with the *Singleton* court's logic in rejecting this argument.

> Congress may make a plain statement of its intent to stack punishments in a specified class of crimes as it did in § 924(c). Once Congress does that, it need not reiterate that intent in any subsequent statutes that fall within the previously defined class.

*Singleton* at 1427–1428.

We may "assume that our elected representatives ... know the law." *Cannon v. University of Chicago,* 441 U.S. 677, 696–97, 99 S.Ct. 1946, 1958, 60 L.Ed.2d 560 (1979). Thus, it is logical that Congress was fully aware of § 924(c)(1) when it enacted § 2119. Section 924(c)(1) has been in effect since 1984 and § 2119 uses, for its definition of firearms, 18 U.S.C. § 921, which is part of the same statutory scheme as § 924(c)(1). If Congress had intended to exclude § 2119 from the enhancement provisions of § 924(c) it would have said so when enacting § 2119. There is no such language in § 2119 nor has any such legislative history been cited to us.

> Congress's authorization of multiple punishments in § 924(c) establishes a general rule of enhancement from which Congress is free to depart in later statutes if it chooses. Absent language expressing a departure from § 924(c), however, we must read the later enacted statutes in harmony

with Congress's previously expressed intent to impose cumulative punishments.

*Singleton* at 1428 (footnotes omitted).

### III.

Accordingly, we find that there is no Double Jeopardy bar to prosecuting a defendant under both § 2119 and § 924(c)(1). Therefore, we REVERSE the district court's dismissal of Count II of the indictment and REMAND the case to the district court with instructions to reinstate Count II.

*REVERSED AND REMANDED.*