36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Spencer Ingram RANDOLPH, Defendant-Appellee.
 No. 93-5851.
 United States Court of Appeals, Fourth Circuit.
 Argued May 13, 1994.
Decided Sept. 27, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-93-18-H)
 Argued: John Samuel Bowler, Office of the U.S. Atty., Raleigh, NC, for appellant.
 Edwin Chrisco Walker, Asst. Fed. Public Defender, Raleigh, NC, for appellee.
 On brief: J. Douglas McCullough, U.S. Atty., David P. Folmar, Jr., Asst. U.S. Atty., Raleigh, NC, for appellant.
 E.D.N.C.
 REVERSED.
 Before WIDENER and WILKINS, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The Government appeals the grant of Spencer Ingram Randolph's motion to withdraw his guilty plea to use of a firearm in relation to a crime of violence, in violation of 18 U.S.C.A.Sec. 924(c) (West Supp.1994), and the dismissal of that charge. The district court granted Randolph's motion and dismissed the Sec. 924(c) count on the ground that punishing one act of carjacking under both 18 U.S.C.A. Sec. 924(c) and 18 U.S.C.A. Sec. 2119 (West Supp.1994) violates the Fifth Amendment prohibition against double jeopardy. Section 924(c)(1) prohibits the use of a firearm during and in relation to a crime of violence. Section 2119 prohibits carjacking, which is defined in that section as taking a motor vehicle "from the person or presence of another by force and violence or by intimidation" while possessing a firearm.
 
 
 2
 Randolph participated in a bank robbery. While still in possession of the handgun that he had brandished inside the bank, Randolph fled by entering a nearby vehicle in which the driver had temporarily left her two young daughters.
 
 
 3
 Randolph was charged with various offenses in a five-count indictment. In exchange for the Government's agreement to dismiss a count that is not relevant to our inquiry, Randolph pled guilty to the four remaining counts, which included charges of carjacking in violation of Sec. 2119 and use of a firearm during and in relation to carjacking in violation of Sec. 924(c). Randolph subsequently moved to withdraw his guilty plea to the Sec. 924(c) count and moved to dismiss that count on the ground that punishing the same act of carjacking under both Sec. 2119 and Sec. 924(c) violates the Fifth Amendment prohibition against double jeopardy. The district court granted Randolph's motion to withdraw his guilty plea and dismissed the Sec. 924(c) count.
 
 
 4
 Although the elements of using of a firearm during and in relation to a crime of violence as prohibited by Sec. 924(c)(1) must necessarily be proven whenever a defendant is successfully prosecuted under Sec. 2119 for carjacking, this court has recently held that punishing the same act of carjacking under both statutes does not violate the prohibition against double jeopardy. United States v. Johnson, No. 93-5771, --- F.3d ----, 1994 WL 411650 (4th Cir. Aug. 5, 1994) (concluding that Congress intended that carjacking be punished under both statutes). Because Johnson controls the outcome of this appeal, we reverse the grant of Randolph's motion to withdraw his guilty plea to using or carrying a firearm in relation to a crime of violence and we reverse the dismissal of that charge.
 
 
 5
 REVERSED.