46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dewrod McCOLL, Defendant-Appellant.
 No. 94-5332.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Jan. 9, 1995.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Frank W. Bullock, Jr., Chief District Judge. (CR-93-193)
 Charles H. Harp, II, HEDRICK, HARP & MICHAEL, Lexington, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dewrod McColl appeals his convictions for carjacking, 18 U.S.C.A. Sec. 2119 (West Supp.1994), and using a firearm during the commission of a crime of violence, 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994). Finding no error, we affirm.
 
 
 2
 * McColl was charged with the offenses in a two-count indictment returned on August 31, 1993. On November 2, 1993, a plea agreement, pursuant to which McColl agreed to plead guilty to both counts, was filed. A Fed.R.Crim.P. 11 hearing was conducted on that date.
 
 
 3
 McColl subsequently moved to strike his guilty plea, claiming that prosecution for both offenses violated the Double Jeopardy Clause. The district court denied the motion after hearing argument. McColl was sentenced to 151 months imprisonment on the carjacking count, to be followed by a sixty-month sentence on the firearm count. McColl appeals.
 
 II
 
 4
 The sole issue on appeal is whether prosecution on both counts offends the Double Jeopardy Clause. The prohibition against double jeopardy protects against, among other things, the imposition of multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). If two offenses are the same under the test announced in Blockburger v. United States, 284 U.S. 299 (1932), the Double Jeopardy Clause prevents a sentencing court from punishing the defendant under both statutes, "in the absence of a clear indication of contrary legislative intent." Whalen v. United States, 445 U.S. 684, 692 (1980).
 
 
 5
 We recently held that, although the statutes at issue proscribe the same conduct under Blockburger, prosecuting a defendant for both crimes does not offend double jeopardy principles. United States v. Johnson, 32 F.3d 82, 86 (4th Cir.1994). The firearm statute explicitly states that one who uses or carries a firearm in connection with a crime of violence "shall, in addition to the punishment provided for such crime of violence," be subject to imprisonment of five years. 18 U.S.C. Sec. 924(c)(1). We concluded in Johnson that this language revealed that "Congress's intent was to add five additional years of mandatory, consecutive imprisonment without parole to any crime of violence in which a firearm was used or carried." United States v. Johnson, 32 F.3d at 86. The Fifth and Sixth Circuits have reached the same conclusion. United States v. Johnson, 22 F.3d 106, 108 (6th Cir.1994); United States v. Singleton, 16 F.3d 1419, 1425 (5th Cir.1994).
 
 III
 
 6
 We accordingly hold that McColl's conviction and sentence do not offend the Double Jeopardy Clause. As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment is affirmed.
 
 AFFIRMED