46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl Quentin SMITH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Darryl Quentin SMITH, Defendant-Appellee.
 Nos. 94-5306, 94-5370.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Jan. 13, 1995.
 
 Lyn M. Simmons, Newport News, VA, for Appellant.
 Helen F. Fahey, United States Attorney, William G. Otis, Senior Litigation Counsel, Robert E. Bradenham, II, Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before MOTZ and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Darryl Quentin Smith was convicted in a bench trial of armed carjacking, 18 U.S.C.A. Sec. 2119 (West Supp.1994), and use of a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). He appeals his convictions, alleging insufficient evidence, and his 300-month sentence, arguing that the district court departed upward without justification. The government appeals the concurrent sentence imposed for the Sec. 924(c) conviction. We affirm Smith's conviction, but vacate his sentence and remand for resentencing.
 
 
 2
 The victim, Stephanie Hawkins, and five eyewitnesses testified at Smith's trial. Their testimony established that Hawkins stopped at a 7-11 convenience store for coffee on her way to work in Newport News, Virginia, on March 8, 1993. Smith, whom she did not know, was standing outside the store when she arrived. As Hawkins passed Smith, she said good morning. Smith smiled, displayed a gun, and then shot Hawkins five times, saying, "Die, you bitch." Hawkins stumbled into the store while Smith was reloading his gun. She went into a back room, and collapsed. She had been shot in the back, the chest, and the arm, and ultimately suffered permanent injury through the loss of one kidney and her gallbladder. Smith rummaged through the purse Hawkins had dropped, then entered the store and asked where "that woman" had gone. When none of the people in the store answered him, he went back outside, and drove away in Hawkins' car.*
 
 
 3
 Smith presented no evidence during the trial, but argued that the government had failed to show that the theft of Hawkins' car was related to her shooting. Defense counsel maintained that the car theft was an afterthought. The district court denied the motion for acquittal, finding that the shooting was necessarily connected to the car theft because there was no evidence of any other motive. A verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 4
 The elements of federal carjacking are (1) possession of a firearm, and (2) taking or attempting to take a motor vehicle which has moved in interstate commerce, (3) from the person or presence of another, (4) by force and violence or intimidation. United States v. Johnson, 32 F.3d 82, 85 (4th Cir.1994), petition for cert. filed, Nov. 2, 1994 (No. 94-6737). The government's evidence in this case was easily sufficient to support the verdict. It established that Smith had possession of a firearm when he took Hawkins' car immediately after he shot her. Thus, he took her car by force and violence as she was in no position to object after being shot five times. The statute does not require proof of motive or pre-planning. United States v. Harris, 25 F.3d 1275, 1279 (5th Cir.), cert. denied, 63 U.S.L.W. 3348 (U.S.1994).
 
 
 5
 Smith's offense level calculation included a six-level increase for permanent or life-threatening bodily injury to the victim. United States Sentencing Commission, Guidelines Manual, Sec. 2B3.1(b)(3)(C) (Nov.1992). The resulting guideline range was 78-97 months. The probation officer recommended a possible departure based on physical injury to the victim under guideline section 5K2.2, p.s. Smith opposed a departure, arguing correctly that the victim's injuries were taken into account in the guideline calculation. The district court departed to the statutory maximum of twenty-five years (300 months), commenting both on the "horrible nature" of the crime and on the serious injuries received by Hawkins.
 
 
 6
 Departures are reviewed under the test set out in United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991). The appeals court reviews de novo the district court's identification of an aggravating factor not adequately considered under the guidelines, reviews for clear error the court's determination that the factor is present, and reviews under the abuse of discretion standard the court's decision that the factor is sufficiently important to warrant departure, and its decision as to the extent of the departure. Because the injuries sustained by Hawkins were included in the offense level computation, this factor was not a proper ground for departure. However, a departure may be based on extreme conduct, which the court found had occurred. USSG Sec. 5K2.8, p.s.
 
 
 7
 A departure which is based on both valid and invalid grounds may be affirmed only if the appeals court concludes that the same sentence would have been imposed without consideration of the invalid factor and the departure is reasonable. Williams v. United States, 60 U.S.L.W. 4206, 4209 (U.S.1992). The district court remarked on both Smith's extreme conduct and Hawkins' injuries in pronouncing sentence. The court's statement does not demonstrate conclusively that it would have imposed the same sentence had it excluded Hawkins' injuries from consideration. Therefore, resentencing is required.
 
 
 8
 After Smith was sentenced, this Court decided that there is no double jeopardy bar to separate sentences for convictions under Sec. 2119 and Sec. 924(c). Johnson, 32 F.3d at 85-86. On remand, a consecutive sentence should be imposed for the Sec. 924(c) conviction.
 
 
 9
 Accordingly, we affirm Smith's conviction of armed carjacking. His sentence is vacated and the case is remanded for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED
 
 
 
 *
 Smith drove to a nearby middle school where he accosted a teacher in the parking lot and shot her to death