52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary L. HARRISON, Defendant-Appellant.
 No. 94-10325.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1995.*
Decided April 13, 1995.
 
 Before: SNEED, SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Lee Harrison appeals his conviction and sentence for carjacking and use of a firearm during a crime of violence. He argues that (1) conviction for both crimes violates the Double Jeopardy Clause, and (2) the district court erred in denying him a reduction in sentence based on acceptance of responsibility. We affirm.
 
 I.
 
 3
 On September 11, 1993, Nancy Correa and her mother, Raquel, parked their car outside Long's Drugstore in Ceres, California. Gary Lee Harrison, armed with a gun, approached the passenger side of the car and demanded the keys. Nancy gave Harrison the keys after her mother told her to do so. Nancy and Raquel then ran into the drugstore and called the police, while Harrison drove away in their car. Harrison was apprehended shortly thereafter.
 
 
 4
 Harrison was charged with carjacking, in violation of 18 U.S.C. Sec. 2119, and use of a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c). After a jury trial, he was convicted on both counts. The court rejected Harrison's request for a sentence reduction for acceptance of responsibility and sentenced him to 169 months on the carjacking count and 60 months on the firearm count, to be served consecutively.
 
 
 5
 Harrison timely appeals. This court has jurisdiction under 18 U.S.C. Sec. 3742 and 29 U.S.C. Sec. 1291.
 
 II.
 A. Double Jeopardy
 
 6
 Harrison argues that his convictions for both carjacking and use of a firearm during a crime of violence violate the Double Jeopardy Clause because both statutes punish the same conduct.
 
 
 7
 We reject his argument. Cumulative punishment does not violate the Double Jeopardy Clause if Congress' intent to authorize such punishment is clear. Missouri v. Hunter, 459 U.S. 359, 369 (1983). We recently concluded that Congress intended to impose cumulative punishment under the carjacking statute, 18 U.S.C. Sec. 2119, and the statute prohibiting use of a firearm during a crime of violence, 18 U.S.C. Sec. 924(c). United States v. Martinez, No. 93-50803, slip op. at 2552-53 (9th Cir. Mar. 7, 1995); accord United States v. Moore, 43 F.3d 568 (11th Cir.1994); United States v. Overstreet, 40 F.3d 1090 (10th Cir.1994), petition for cert. filed (Feb. 14, 1995) (No. 94-8169); United States v. Jones, 34 F.3d 596 (8th Cir.1994), petition for cert. filed (Dec. 15, 1994) (No. 94-7281); United States v. Johnson, 32 F.3d 82 (4th Cir.), cert. denied, 115 S.Ct. 650 (1994); United States v. Mohammed, 27 F.3d 815 (2d Cir.), cert. denied, 115 S.Ct. 451 (1994); United States v. Johnson, 22 F.3d 106 (6th Cir.1994); United States v. Singleton, 16 F.3d 1419 (5th Cir.1994). Therefore, Harrison can be convicted under both statutes without violating the Double Jeopardy Clause. Id.
 
 B. Acceptance of Responsibility
 
 8
 Harrison argues that the district court's refusal to grant him a sentence reduction based on acceptance of responsibility was improper. Under the Sentencing Guidelines, a defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two-level decrease in his base offense level. U.S.S.G. Sec. 3E1.1(a). The district court's finding that Harrison did not accept responsibility for his actions is a factual finding, which we review for clear error. United States v. McKinney, 15 F.3d 849, 852 n. 6 (9th Cir.1994).
 
 
 9
 Harrison relies heavily on United States v. Johnson, 956 F.2d 894 (9th Cir.1992), for his position that it was improper for the court to consider the fact that he proceeded to trial, rather than pleading guilty, in denying him a reduction for acceptance of responsibility. Harrison's reliance on Johnson is misplaced, however. That case involved an earlier version of Sec. 3E1.1, which directed the court "to assess the defendant's acceptance of responsibility 'without regard' to whether he stood trial or not." Id. at 904. We had to resolve the conflict between the text of the section and the commentary, which stated then, as it does today, that the adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. Sec. 3E1.1 comment. (n. 2); see Johnson, 956 F.2d at 904. That conflict no longer exists because the language of Sec. 3E1.1 has been amended.[1] Under the current version, applicable to Harrison, the district court was entitled to consider the fact that Harrison did not admit guilt or express remorse until after he had been tried and convicted.[2]
 
 
 10
 The district judge's finding that Harrison failed to accept responsibility was not clearly erroneous. Harrison's conviction and sentence are therefore AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Currently, Sec. 3E1.1(a) reads in its entirety: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."
 
 
 [2]
 Harrison is correct that a defendant who "manifests a genuine acceptance of responsibility for his actions ... is entitled to the reduction even if he does not plead guilty." McKinney, 15 F.3d at 852. However, that scenario is the exception, not the rule. See id.; U.S.S.G. Sec. 3E1.1 comment. (n. 2) ("In rare situations a defendant may clearly demonstrate an acceptance of responsibility" even though he proceeds to trial.) (emphasis added). Furthermore, even in that scenario, "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." U.S.S.G. Sec. 3E1.1 comment. (n. 2) (emphasis added). According to the record, Harrison did not make any statements indicating he had accepted responsibility for his criminal conduct until after he had been convicted and faced sentencing