52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Keith SANDERSON, Defendant-Appellant.
 No. 94-5335.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 31, 1995.
Decided: April 19, 1995.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. William B. Traxler, Jr., District Judge. (CR-93-212)
 John H. Hare, Assistant Federal Public Defender, Columbia, SC, for Appellant. J. Preston Strom, Jr., United States Attorney, William E. Day, II, Assistant United States Attorney, Florence, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Brian Keith Sanderson appeals his convictions and sentence after entering guilty pleas to one count of carjacking, 18 U.S.C.A. Sec. 2219 (West Supp.1994), and one count of use of a firearm during a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). After a thorough review of the parties' briefs and the record, we affirm.
 
 
 2
 Sanderson admitted that he and two compatriots drove to Coastal Carolina University intending to steal a Ford Mustang; that after locating a Mustang, they waited for its owner in the lot where it was parked; that when the owner arrived, Sanderson used a .357 Magnum revolver to steal the car and force the owner into his accomplice's Thunderbird; and that the three stole the Mustang, drove their victim to an isolated location, and left her there. Sanderson then drove the car from South Carolina to North Carolina, and sold the car. Sanderson was arrested in Hagerstown, Maryland, after stealing a Ford Bronco.
 
 
 3
 Prior to sentencing, Sanderson moved to withdraw his guilty plea as to the firearm charge, claiming that his prosecution thereunder violated the constitutional proscription against double jeopardy. At the motion hearing, defense counsel emphasized that Sanderson did not contest the facts underlying his conviction, merely the constitutionality of his conviction under both Sec. 924(c) and Sec. 2219.
 
 
 4
 The district court denied the motion, and Sanderson again entered a plea of guilty as to both counts, reserving the right to appeal the Sec. 924(c) conviction on double jeopardy grounds. Sanderson was sentenced to forty-six months imprisonment for the carjacking offense,* and sixty months, to run consecutively, for the firearm offense, as is prescribed by Sec. 924(c).
 
 
 5
 Sanderson filed a timely notice of appeal as to the double jeopardy issue. Thereafter, this Court issued its opinion in United States v. Johnson, 32 F.3d 82 (4th Cir.), cert. denied, 115 S.Ct. 650 (1994), holding that prosecutions under Sec. 924(c) and Sec. 2119 for the same act do not offend the Double Jeopardy Clause. Sanderson's counsel filed a letter and brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he acknowledged this Court's ruling in Johnson and stated his belief that no further meritorious issues for appeal existed. Counsel also sent a letter to Sanderson, notifying him of his right to file a supplemental brief. This Court then notified Sanderson of his right to file a brief within thirty days. No such brief was filed.
 
 
 6
 In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues for appeal. We find none. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 See United States Sentencing Commission, Guidelines Manual (Nov.1993). The Presentence Report assigned Sanderson a Criminal History level of II. Although the report recommended a Total Offense Level of 24 for the carjacking, including a two-level adjustment for Sanderson's supposed leadership role in the crime, the sentencing judge found insufficient evidence to warrant the two-level adjustment and assigned a Total Offense Level of 22. Sanderson's offense level included a three-level adjustment for acceptance of responsibility. The sentence of forty-six months for carjacking was at the low end of the Guidelines scale