**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 94-5655

ANTHONY GEORGE ROSS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Robert D. Potter, Senior District Judge.
(CR-94-5-P)

Submitted: January 30, 1996

Decided: February 16, 1996

Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Kenneth P. Andresen, Charlotte, North Carolina, for Appellant. William A. Brafford, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony George Ross's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), contending that no non-frivolous issues for appeal exist on the district court record in this case. As required by <u>Anders</u>, counsel nonetheless noted possible issues Ross desired him to appeal. The Government declined to file a brief in response to counsel's brief. Ross was informed of his right to file a supplemental brief but did not do so. This Court subsequently ordered briefing from Ross's attorney and the Government regarding a double jeopardy issue surrounding Ross's convictions under 18 U.S.C.A. § 2113(a), (d) (West Supp. 1995). The parties filed briefs on that issue, and the case is now ripe for disposition.

Testimony at trial by Ross's co-conspirator, Melvin Ramseur, revealed that Ross and Ramseur conspired to and robbed two federally-insured banks on two separate dates. Ross, who already had been convicted of multiple felonies, carried a handgun on both occasions, and both robberies involved threats to injure bank employees. In fact, Ross punched a female bank employee during the second robbery, breaking her nose.

A FBI forensics expert also testified at trial that hair samples from a cap and sweater found near the second crime scene matched hair samples provided by Ross. Further, testimony from a police officer and from relatives of Ramseur implicated Ross in the robberies. Finally, an audio tape made at Ramseur's house and corroborating the testimony of Ramseur's relatives was introduced into evidence and was played for the jury. The tape was nearly inaudible, and the jury was provided with a transcript of the tapes. The jury was informed that the transcript itself was not evidence and was only for use in helping the jury to understand the tapes.

Ross was found guilty and convicted of nine counts--two counts of robbery, 18 U.S.C.A. § 2113(a), two counts of armed bank robbery,* 18 U.S.C.A. § 2113(d), two counts of use of a firearm in rela-

_____

*The indictment styled these offenses as assaults with a firearm during the course of bank robberies.

2

tion to a violent offense, 18 U.S.C.A. § 924(c)(1) (West Supp. 1995), two counts of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) (1988), and one count of conspiracy to commit a federal offense, 18 U.S.C. § 371 (1988). This appeal followed.

With regard to all but the double jeopardy issue on which we ordered additional briefing, we find that counsel properly found the appeal frivolous. There is no merit in the double jeopardy allegation noted by counsel--that convictions under § 2113(d) and § 924(c)(1) are improper. United States v. Johnson, 32 F.3d 82, 85-86 (4th Cir. 1994). There also is no merit in the claim that the evidence was insufficient to support the § 924(c)(1) conviction because no expert testified to the nature of the handgun as a "firearm." The record clearly contains evidence that Ross carried a weapon during the robberies that "[would or was] designed to . . . expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3) (1988). The lay testimony regarding the handgun was sufficient. United States v. Jones, 907 F.2d 456, 460 (4th Cir. 1990).

The admission of the FBI agent's testimony was not error. The agent's expert status is not at issue. And the evidence Ross submitted that he was bald at the time of the robberies was not uncontested, as Ross submits. Further, Ross's baldness at the time of the robberies would not be dispositive of this issue because the hairs found in the cap and sweater could have been Ross's nonetheless--they could have been deposited in the clothing at an earlier point in time. The district court did not abuse its discretion in admitting the testimony. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993) (standard of review). Further, any error regarding the testimony would have been harmless in light of Ramseur's testimony. Fed. R. Crim. P. 52(a). Neither did the district court err in admitting the tape of conversations at the Ramseur household. It was merely cumulative of testimony already presented at trial, and it also was harmless.

Ross also had counsel raise frivolous issues regarding the sentence --that the sentence is disproportionate to that of Ramsuer and that the sentence is cruel and unusual. The trial court did not err in failing to consider disparity between Ross's and Ramseur's sentences, even if such a consideration were appropriate. United States v. Ellis, 975 F.2d 1061, 1066 (4th Cir. 1992). Ross was a career offender; Ramseur was

3

not. Ross was the lead actor and instigator of the crimes and held most of the cash for himself; Ramseur was cajoled into acting with Ross and received little monetary gain. During the robberies Ross carried a gun; Ramseur carried a steak knife. Finally, after pleading guilty, Ramseur assisted the Government; Ross has not. Also, Ross's sentence, which is less than death or life without parole, is not reviewable under the Eighth Amendment. Solem v. Helm , 463 U.S. 277, 290 (1983). We affirm the district court judgment with respect to all these claims.

We find, however, that Ross's counsel failed to raise the possible existence of an issue that was not frivolous regarding the convictions under both § 2113(a) and § 2113(d) for both robberies. Section 2113(a) is a lesser-included offense of § 2113(d). United States v. Whitley, 759 F.2d 327, 331 (4th Cir.) (en banc) (citing Prince v. United States, 352 U.S. 322 (1957)), cert. denied, 474 U.S. 873 (1985). Thus, the district court should not have entered convictions on both the § 2113(a) and (d) guilty verdicts, but should have entered only the § 2113(d) convictions. Id. at 330-31. We vacate that portion of the judgment convicting Ross of § 2113(a) crimes.

Thus, although we affirm the remainder of the judgment, we vacate the judgment with regard to the § 2113(a) convictions and remand the case for the district court to strike the § 2113(a) convictions. We deny Appellant's motions for provision of a transcript at government expense and for appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

4