**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4231

WILLIAM HAMMOND,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-94-110-V)

Submitted: December 26, 1996

Decided: February 11, 1997

Before HALL, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Earle D. Roberts, Jr., Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Brian L. Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Hammond, Jr., and two others attempted to blow up an automated teller machine. He was tried on five counts in federal district court and found guilty on all of them. Hammond was sentenced to 120 months imprisonment on the first four counts, to be served concurrently, followed by a consecutive term of thirty years for violating 18 U.S.C.A. § 924(c) (West Supp. 1996). On appeal, Hammond raises two claims, and we affirm.

Hammond argues that his conviction and punishment for both 18 U.S.C. § 844(i) (West Supp. 1996) and 18 U.S.C. § 924(c) violates the Double Jeopardy Clause. The district court rejected the claim below, and we review this legal conclusion de novo. United States v. McManus, 23 F.3d 878, 882 (4th Cir. 1994), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9231). The Double Jeopardy Clause protects a defendant from multiple punishments for the same offense, North Carolina v. Pearce , 395 U.S. 711, 717 (1969), ensuring that the courts confine themselves to punishments established by the legislature. Ohio v. Johnson , 467 U.S. 493, 499 (1984). The clause bars a sentencing court from imposing a greater sentence than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 366 (1983). Where the legislature clearly intends to impose cumulative punishments, the imposition of such penalties after a single trial presents no double jeopardy concern. Id. at 368-69.

We conclude that our reasoning in United States v. Johnson, 32 F.3d 82, 84-85 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3437 (U.S. Dec. 5, 1994) (No. 94-6737), controls the decision in this case. Johnson presented a claim of double jeopardy for multiple punishment under 18 U.S.C.A. § 2119 (West Supp. 1996), the federal carjacking statute, and 18 U.S.C. § 924(c). We held that "Congress's intent was to add . . . additional years of mandatory, consecutive imprisonment without parole to any crime of violence in which a firearm is used or carried." 32 F.3d at 85. The statutory scheme defines a firearm to include a destructive device, including an explosive bomb. 18 U.S.C. § 921(a)(3)(D), (a)(4)(A)(i) (1994). See United States v. Mathews, 36 F.3d 821, 823 (9th Cir. 1994) (reaching the

2

same conclusion). Therefore, Hammond's double jeopardy claim is without merit.

Hammond also argues that his sentence of 480 months violates the Eighth Amendment ban against cruel and unusual punishment, and is out of proportion to the facts of the crime. We must reject this contention, as well.

The Eighth Amendment does not require proportionality review for a sentence that is less than life without parole. United States v. LaRouche, 896 F.2d 815, 831-32 (4th Cir. 1990). Severe, mandatory penalties may be cruel but they are not unusual. Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991). Therefore, a sentence within statutory limits may not be disturbed on appeal unless the district court grossly abused its discretion. LaRouche , 896 F.2d at 994-95. And where the sentence is mandatory, as with § 924(c), the district court has no discretion to deviate. United States v. Hamrick, 43 F.3d 877, 886 (4th Cir.), cert. denied, #6D6D 6D# U.S. ___, 64 U.S.L.W. 3241 (U.S. Oct. 2, 1995) (No. 94-8773).

Accordingly, we affirm Hammond's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3