**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WILLIAM TAWARAH LAMB,

*Defendant-Appellant.*

No. 01-4913

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-138)

Submitted: June 4, 2002

Decided: June 20, 2002

Before WILKINS, NIEMEYER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Sue Genrich Berry, BOWEN, BERRY, POWERS & SLAUGHTER, P.L.L.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Michael Gordon James, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

William Tawarah Lamb appeals his 120 month sentence imposed following his jury conviction of one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). At trial, the parties stipulated that Lamb was previously convicted of two state drug felonies. One of those felony offenses formed the essential element of the prior felony for the § 922(g)(1) charge. Pursuant to *U.S. Sentencing Guidelines* §§ 2K2.1(a)(2) and 4A1.1(c) respectively, the district court used these two prior state felony convictions to upwardly adjust both Lamb's base offense level and his criminal history category.

We review a district court's factual findings at sentencing for clear error and its related legal conclusions, including the application of the sentencing guidelines, de novo. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Lamb claims the district court violated the Double Deopardy and Due Process Clauses of the Constitution by impermissibly imposing multiple punishments for a single offense. We find these contentions to be without merit. We held in *United States v. Johnson*, 32 F.3d 82, 84 (4th Cir. 1994), that "where the legislature has specifically authorized cumulative punishments for the same conduct, there is not double jeopardy." Both USSG §§ 2K2.1(a)(2) and 4A1.1(c) contemplate that prior felony convictions will be used to determine a defendant's base offense level and his criminal history category. The district court properly followed the guidelines' directives, and we are "not at liberty to disturb an otherwise proper application of the guidelines." *United States v. Crawford*, 18 F.3d 1173, 1180 (4th Cir. 1994). Our reasoning is in line with numerous other circuits. *See, e.g.*, *United States v. Alessandroni*, 982 F.2d 419, 423 (10th Cir. 1992); *United States v. Wyckoff*, 918 F.2d 925 (11th Cir. 1990). We reject Lamb's due process contention on the same grounds.

Accordingly we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*