**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4776

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON LAMONT WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-03-120)

Submitted: January 27, 2006    Decided: February 28, 2006

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Flax, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Michael C. Wallace, Sr., Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jason Lamont Williams was convicted by a jury of possession with intent to distribute heroin, 21 U.S.C. § 841 (2000), felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2000), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) (2000). He was sentenced to 101 months of imprisonment. On appeal, Williams (1) challenges the sufficiency of the evidence to support his convictions; (2) argues that his convictions under both § 924(c) and § 922(g)(1) violate the Double Jeopardy Clause; and (3) contends he was sentenced in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm.

Williams first argues on appeal that there was insufficient evidence to support his convictions. A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). The court reviews both direct and circumstantial evidence and permits the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility

- 2 -

is within the sole province of the jury, and the court will not reassess the credibility of testimony. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989). We have reviewed the parties' arguments and the materials submitted in the joint appendix and conclude that sufficient evidence supports the jury's verdict on all counts.[*]

Next, Williams argues that his convictions under both § 924(c) and § 922(g)(1) are prohibited by the Double Jeopardy Clause. While it is true that the Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishment for the same offense, <u>see</u> <u>United States v. Johnson</u>, 32 F.3d 82, 84 (4th Cir. 1994), two offenses are not the "same" for double jeopardy purposes if one offense requires proof of an element not included as proof of the other offense. <u>See</u> <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932). Because § 924(c) requires possession of a firearm "in furtherance of" a drug trafficking crime, not just mere possession, and a violation of § 922(g) requires that the defendant be a previously convicted felon, punishment for a violation of both offenses does not violate the Double Jeopardy Clause. <u>See</u> <u>United</u>

---

[*]To the extent Williams argues that the Government failed to prove that he knew that his possession of a gun violated federal law, we find this argument without merit. <u>See</u> <u>United States v. Langley</u>, 62 F.3d 602, 606 (4th Cir. 1995) (en banc) (rejecting notion that the Government is required to prove knowledge of felony status).

States v. Johnson, 977 F.2d 1360, 1375 (10th Cir. 1992) (collecting cases).

Last, Williams argues that he was sentenced in violation of Booker. In Booker, the Supreme Court concluded the federal sentencing guidelines' requirement that courts impose sentencing enhancements based on facts found by the judge by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 125 S. Ct. at 756-57. The guidelines are now advisory, and the district court may impose a sentence within the range prescribed by the statute of conviction, as long as the sentence is reasonable. Id.

When a Booker sentencing claim is raised for the first time on appeal, this court reviews for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If the three elements of the plain error standard are met, the court may

exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (citation omitted). Because Williams' federal guidelines range was not increased based on judicial factfinding, we find that no Sixth Amendment violation occurred.

With respect to the mandatory application of the guidelines, because Williams did not object below, this claim is also reviewed for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). Here, the sentencing transcript contains no nonspeculative basis on which this court could conclude that the district court would have sentenced Williams to a lesser sentence had the court proceeded under an advisory guideline regime. Thus, we find that Williams has failed to demonstrate that the plain error in sentencing him under a mandatory guideline scheme affected his substantial rights. See id. at 225.

Accordingly, we affirm Williams' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED